UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID PAUL ROWBOTHAM,

       Plaintiff,

    v.

SHERIFF DAVID LUCAS, *et al.*,

       Defendants.

Civil Action 2:22-cv-2459
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio state inmate proceeding without the assistance of counsel, brings this action against Defendants, Sheriff David Lucas and Sergeant Dewey Morgan of the Belmont County Sheriff's Office, alleging that Defendants interfered with various rights related to access to courts, religion, medical treatment, conditions of confinement, and administrative grievances. (Am. Compl., ECF No. 11.) The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 9); accordingly, this matter is before the Court for the initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that that the Court

**DISMISS** Plaintiff's claims pursuant to § 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * *

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

2

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff's Amended Complaint lists sixteen discrete claims, each asserted against both Defendants Lucas and Morgan. (*See* Statement of Claim, ECF No. 11, PAGEID #97–98.) Although Plaintiff does not identify any particular statutes or constitutional provisions on which his claims are based, the undersigned construes Plaintiff's Amended Complaint to advance claims under 28 U.S.C. § 1983 for violations of his First Amendment rights of access to courts and freedom of religion, violations of his Eighth Amendment rights related to his medical treatment and conditions of confinement, and violations of his Fourteenth Amendment rights to procedural due process. The undersigned will consider each claim in turn.

## A.     First Amendment Claims

### 1.     Access to Courts

Plaintiff's claim nos. 1 and 5 allege that Lucas and Morgan denied him access to paperwork related to existing litigation, which resulted in the dismissal of unspecified claims in Ohio courts, and denied him access to the law library and contact information for attorneys. The undersigned construes these allegations to advance claims for violation of his right of access to the courts.

Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct undertaken with more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413,

4

416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Accordingly, to state a claim for denial of access to courts, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415.

Here, Plaintiff refers only to "cases dismissed in Ohio Courts" without providing any supporting facts on which the undersigned could rely to conclude that his underlying claim is non-frivolous. *See Christopher*, 536 U.S. at 416 (holding that "the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."); *Johnson v. Humphrey*, No. 1:18-cv-43, 2018 WL 1151812, at *8 (S.D. Ohio Mar. 5, 2018) (dismissing access-to-courts claim premised upon alleged denial to law library access where inmate alleged only that he missed a required deadline, explaining that such allegations were insufficient to permit the Court to "infer that a nonfrivolous claim has been hampered"); *see also Walker v. Mintz*, 771 F.2d 920, 932 (6th Cir. 1985) ("We are concerned with a right of access to the courts, not necessarily to a prison law library. There is no claim made here that any particular prisoner was actually impeded in his access to the

courts."). It is therefore **RECOMMEDED** that the Court **DISMISS** Plaintiff's access-to-courts claims.

### 2.   Freedom of Religion

Plaintiff's claim no. 12 appears to advance a claim that Defendants violated his First Amendment right to freedom of religion. However, Plaintiff's only relevant allegation is that Defendants "denied me my right to religious services." This wholly conclusory allegation does not "contain sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's freedom of religion claim.

### B.   Eighth Amendment Claims

### 1.   Deliberate Indifference to Medical Needs

Plaintiff's claim nos. 7 and 13–15 allege that Defendants were indifferent to his medical needs when they denied him medical care related to Plaintiff's slip and fall in the showers, Defendants' refusal to provide Plaintiff with personal protective equipment when he was instructed to clean up another inmate's blood in Plaintiff's cell, Defendants' refusal to provide adequate lighting during the overnight hours, which allegedly resulted in headaches and sore and watery eyes, and Defendant's refusal to provide clean washed clothes, which resulted in "bumps and a sore." Plaintiff also alleges that Defendants refused to provide medical forms that Plaintiff requested.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and

subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United

States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must

have acted with a state of mind similar to recklessness. Thus, to prove the required level of

culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's

health, (2) drew the inference that a substantial risk of harm to the inmate existed, and

(3) consciously disregarded that risk.") (citations omitted). "In examining whether a claimed

injury is 'sufficiently serious'" to sustain a claim for deliberate indifference, "courts look to the

*effect* of any delay in treatment caused by an officer's inaction." *Vaughn v. City of Lebanon*, 18

F. App'x 252, 274 (6th Cir. 2001) (emphasis in original). Specifically, a plaintiff "who

complains that delay in medical treatment rose to a constitutional violation must place verifying

medical evidence in the record to establish the detrimental effect of the delay in medical

treatment to succeed." *Id.* (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir.

2001)).

  Here, Plaintiff has not alleged any facts upon which the undersigned could rely to

conclude that Plaintiff exhibited any serious medical needs to which Defendants were

deliberately indifferent. Plaintiff does not allege that he suffered any injury whatsoever as a

result of his slip and fall or his contact with another inmate's blood. Further, his headaches and

sore and watery eyes do not rise to the level of a constitutionally-implicated serious medical

need. *See Thompson v. Skaggs*, No. 2:22-CV-682, 2022 WL 1485281, at *8 (S.D. Ohio May 11, 2022), *report and recommendation adopted*, 2022 WL 1811080 (S.D. Ohio June 2, 2022) (itchy and burning eyes were not a serious medical need); *Harris v. Likens*, No. 1:20-CV-00049, 2021 WL 1213287, at *3 (M.D. Tenn. Mar. 31, 2021) (blurry vision and headaches due to uncorrected vision was not a serious medical need). Nor do Plaintiff's complaints of "bumps and a sore" rise to this level. *See Williams v. Tomlin*, No. 98-1234, 1999 WL 644383, at *1 (6th Cir. Aug. 13, 1999) (patches of dry skin was not a serious medical need); *Watkins v. Butcher*, No. 1:21 CV 609, 2021 WL 3110001, at *3 (N.D. Ohio July 22, 2021) (blistering that reduced to a scab was not a serious medical need); *Jennings v. Al-Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (delay in treating Plaintiff's skin infection was not a serious medical need in the absence of evidence that the delay could have led to "severe consequences, such as a systemic infection, amputation of a limb, or even death"). It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims for deliberate indifference to his serious medical needs.

### 2. Conditions of Confinement

Plaintiff complains as to several aspects of his conditions of confinement. Plaintiff's claim nos. 4 and 16 allege that on one occasion, Plaintiff refused to eat beef that Defendants allowed to fall below a safe serving temperature and he was not provided with an alternative meal; that on an unspecified number of occasions, Defendants served inmates inadequate food portions; and that Defendants never serve inmates salad, green beans, cookies, or cakes. Additionally, Plaintiff's claim no. 6 alleges that apart from a "tiny bar" of soap, Defendants denied him soap for showering or washing his hands for over a month. Plaintiff's claim no. 11 alleges that Defendants did not allow Plaintiff to purchase vitamin supplements, Tylenol, or envelopes from the commissary. Finally, it is unclear whether Plaintiff intends to assert a

conditions-of-confinement claim premised upon slippery conditions of the shower floors in claim no. 15.

Under certain circumstances, an inmate's right to be free of cruel and unusual punishment may be violated by substandard conditions of confinement. "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*; *see also Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted).

Here, Plaintiff has not alleged an extreme deprivation to state an Eighth Amendment conditions-of-confinement claim. Inadequate or unsafe food rises to the level of an Eighth Amendment violation only when the prison fails to provide adequate nutrition to inmates. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (no Eighth Amendment violation where the plaintiff did not allege that his health suffered as a result of meal deprivation); *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (no Eighth Amendment violation if the food provided by the prison was "sufficient to maintain normal health"). Plaintiff's complaints of isolated incidents of inadequate or below-temperature food are not accompanied by allegations that he was denied adequate nutrition as a result. Complaints "about preparation or quality of

prison food . . . would generally be far removed from Eighth Amendment concerns." *Cunningham*, 567 F.2d at 659–60.

Similarly, Plaintiff's allegation that he was given only one bar of soap over the course of a month are unaccompanied by any allegations "that the deprivation seriously harmed him in some way." *J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) (holding that a temporary deprivation of hygiene products did not form the basis of a conditions-of-confinement claim); *see also Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (inability to purchase hygiene products did not "rise to the level of cruel and unusual punishment" when the plaintiff "did not allege . . . that he suffered extreme discomfort due to his inability to purchase the items or that he was completely denied the basic elements of hygiene"); *Thompson*, 2022 WL 1485281, at *6 (deprivation of hygiene products for two to three weeks "does not state a claim of constitutional magnitude").

Defendants' refusal to allow Plaintiff to purchase items at the commissary also does not rise to the level of a constitutional violation. *See Vick v. Core Civic*, 329 F. Supp. 3d 426, 451 (M.D. Tenn. 2018) ("As a general matter, there is no constitutional right of access to a jail or prison commissary."); *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 534 (N.D. Ohio 2020) (same, collecting cases). Nor has Plaintiff alleged any injury whatsoever from his inability to purchase these items.

Finally, the slippery shower-floor conditions Plaintiff alleges fail to pose a sufficiently grave threat for purposes of satisfying the objective component of an Eight Amendment claim. *See, e.g., Shuler v. Hall*, No. 3:18-cv-1223, 2019 WL 1777899, at *7-8 (M.D. Tenn. Apr. 23, 2019) (no viable Eighth Amendment claim where inmate complained of flooding in his cell and later suffered a injuries when he slipped in the water and fell); *Bell v. Ward*, 88 F. App'x 125,

127 (7th Cir. 2004) ("The condition that Bell attributes to the prison officials' oversight—the accumulation of water on the floor—did not present a substantial risk of serious injury. Although wet floors do present a possibility that inmates might slip, Bell's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment.") (citations omitted); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (holding standing water in shower did not pose substantial risk of serious harm, even though plaintiff was on crutches and had warned prison officials that he was at a heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."). *See also Carter v. Corrs. Corp. of Am.*, No. 1:15-cv-90, 2015 WL 7015557, at *5 (M.D. Tenn. Nov. 12, 2015) (collecting cases for the proposition that "[a] wet floor is not a sufficiently grave threat to constitute a substantial risk of serious harm as required to violate the Eighth Amendment"); *Tullos v. Balk*, No. 1:18-cv-883, 2018 WL 5306906, at *4 (W.D. Mich. Oct. 26, 2018) (same); *Soimis v. Holloway*, No. 16-1177, 2018 WL 3966277, at *4 (W.D. Tenn. Aug. 17, 2018) (same).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's conditions-of-confinement claims.

## C. Fourteenth Amendment Claims

Finally, Plaintiff alleges in claim nos. 2, 3, and 8–10 that Defendants provided unsatisfactory responses to his grievances regarding a Prison Rape Elimination Act complaint, destruction of his personal mail, and the opening of his legal mail by other Jail staff outside Plaintiff's presence. Plaintiff also complains that Defendants denied him any grievance forms or

an inmate rule handbook. The undersigned construes these allegations to advance claims for violation of the Fourteenth Amendment's Due Process Clause.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff's due process claim fails because he has not identified a constitutionally protected liberty or property interest that was implicated by Defendants' handling of his grievances. "Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Rather, "[a]n inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 Fed.Appx. 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Further, as to claims for the deprivation of a property interest without procedural due process of law, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377–78 (6th Cir. 1993) (applying *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984)). Having alleged neither a change in conditions of confinement as a result of Defendants' handling of his grievances, nor the inadequacy of state remedies for addressing any property deprivations, Plaintiff fails to state a procedural due process claim.

Moreover, Plaintiff's dissatisfaction with the handling of his administrative grievances fails to state a claim or otherwise satisfy his burden because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's procedural due process claims.

### III. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE