IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID PAUL ROWBOTHAM,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-2459 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **SHERIFF DAVID LUCAS,** *et al.*, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This case is before the Court on the Magistrate Judge's Report and Recommendation, recommending dismissal of Plaintiff's Complaint (ECF No. 12) and Plaintiff's Objections thereto (ECF Nos. 13). For the following reasons, the Court **OVERRULES** Plaintiffs' Objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** Plaintiff's Complaint. The Court further **DENIES AS MOOT** Plaintiff's Motion for injunctive relief (ECF No. 15) and Plaintiff's Motion for service copies (ECF No. 3).

## I. BACKGROUND

Plaintiff, an Ohio state inmate proceeding without the assistance of counsel, brings this action against Defendants, Sheriff David Lucas and Sergeant Dewey Morgan of the Belmont County Sheriff's Office, alleging that Defendants interfered with various rights related to access to courts, religion, medical treatment, conditions of confinement, and administrative grievances. (Am. Compl., ECF No. 11.)

The Magistrate Judge first granted Plaintiff's motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 9.) The Magistrate Judge then recommended Plaintiff's Amended Complaint be dismissed because Plaintiffs' allegations related to access to

courts, freedom of religion, deliberate indifference to medical needs, conditions of confinement, and due process failed to state a claim for violations of the First, Eighth, or Fourteenth Amendments under 42 U.S.C. § 1983. (ECF No. 12.)

Plaintiff timely filed objections to the Report and Recommendation. (ECF No. 13.) Plaintiff's objections provide some additional factual detail underlying his claims, but largely repeat the allegations in his Amended Complaint.

## II. STANDARD OF REVIEW

When objections to a Magistrate Judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Because Defendant has filed objections to the Report and Recommendation, the Court reviews the recommended disposition de novo.

When a Plaintiff proceeds *in forma pauperis*, a court is permitted to dismiss any portion of a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted"). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.     LAW & ANALYSIS

Plaintiff's objections contain additional factual detail underlying his claims, but this additional factual detail does not remedy the deficiencies identified by the Magistrate Judge in Plaintiff's Amended Complaint. Rather, Plaintiff's objections largely repeat the same arguments and allegations contained in his Amended Complaint. Those arguments and allegations were already considered and rejected by the Magistrate Judge. Namely, Plaintiff has failed to allege an injury to support his First Amendment claims for access to courts or freedom of religion, Plaintiff has failed to allege any sufficiently serious medical needs or extreme deprivations to sustain an Eighth Amendment medical indifference or conditions of confinement claim, and Plaintiff has failed to allege a property or liberty interest to sustain a Fourteenth Amendment due process claim. Thus, for the reasons articulated by the Magistrate Judge in the Report and Recommendation, Plaintiff's Amended Complaint must be dismissed.

Plaintiff has also filed a "Motion to Update of Plaintiff Position" (ECF No. 15). Plaintiff states he is once again in the custody of Belmont County Jail and complains of many of the same conditions of confinement as are mentioned in his Amended Complaint. (*Id.*) Plaintiff also states, however, that he has since been "placed in isolation by Defendants after inmates have continuously threatened physical bodily harm and death to Plaintiff," and that he was "put in segregated housing where I was forced to sign a paper that due to constant threats, I fear for my life." (*Id.* at 2.) He closes by saying, "Please help! I think they are going to kill me." (*Id.* at 3.)

3

Although it is unclear exactly what relief Plaintiff is requesting, it appears that he seeks some kind of injunctive relief to address concerns about his safety. Plaintiff's allegations establish that he has informed Jail officials about these concerns, however, and he has already been placed in protective custody to prevent injury from other inmates. Accordingly, no further relief from the Court is necessary at this juncture. The Court will, therefore, deny Plaintiff's Motion for injunctive relief as moot. (ECF No. 15.)

Finally, Plaintiff has also requested that the Clerk make any necessary service copies of his Complaint. (ECF No. 3.) Because the Court will dismiss Plaintiff's Amended Complaint, the Court will **DENY** this Motion as **MOOT**.

### IV. DISPOSITION

In sum, Plaintiff's objections to the Magistrate Judge's Report and Recommendation do not remedy the deficiencies identified therein. Because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff's Objections (ECF No. 13) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (ECF No. 12) is **ADOPTED**. Further, Plaintiff's Motion for injunctive relief (ECF No. 15) and Plaintiff's Motion for service copies (ECF No. 3) are **DENIED AS MOOT**. This case is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 21, 2022**

4